UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CERTAIN UNDERWRITERS<br>AT LLOYD'S LONDON | MISC. ACTION |
| VERSUS | NO. 08-1534 |
| PENTHOUSE OWNERS<br>ASSOCIATION, INC. | SECTION "D" (2) |

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:   Certain Underwriters at Lloyd's, London's Motion to Quash and/or for Protective Order, Record Doc. No. 1

O R D E R E D:

 XXX :  GRANTED.  J. Daniel Picou and Malise ("Mary") K. Dennard, the recipients of the subject subpoenas duces tecum, are retained counsel for Certain Underwriters at Lloyd's, London ("Lloyd's"). Lloyd's is the defendant in the underlying litigation brought in the United States District Court for the Southern District of Mississippi by plaintiff, Penthouse Owners Association, Inc. ("Penthouse"), which issued the subpoenas to Picou and Dennard.  The subpoenas seek both testimony and documents from the two lawyers related to their work concerning the underlying case.

"[D]epositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances." Nguyen v. Excel Corp., 197 F.3d 200, 209 (5th Cir. 1999).  Thus, the Fifth Circuit and other courts generally "forbid a party from deposing opposing counsel unless (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." Id. at 208 (citing Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986) (emphasis added)).

Although Penthouse has presented nothing sufficient to establish all three of these factors, its attempt to depose opposing counsel is defeated by the second factor alone because the information sought is privileged under Mississippi law. "The privilege extends to all communications between [an insurer] and the attorneys it retained for the purpose of ascertaining its legal obligations to the [insured]. The privilege is not waived if the attorneys perform investigative tasks provided that these investigative tasks are related to the rendition of legal services." Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869, 875 (5th Cir. 1991).

Penthouse has also failed to carry its evidentiary burden to demonstrate that Lloyd's waived its attorney-client privilege. Jackson Med. Clinic for Women, P.A. v. Moore, 836 So. 2d 767, 773 (Miss. 2003).

In addition, many of the documents that the subpoenas seek are on their face protected by either the attorney-client privilege, which is an absolute privilege against discovery in the absence of any waiver of the privilege, and/or the work product doctrine, which is a qualified privilege that can be overcome only by making the showing required by Fed. R. Civ. P. 26(b)(3)(A). Again, Penthouse has failed to carry its burden to demonstrate either that Lloyd's waived its attorney-client privilege or that Penthouse "has substantial need for" defendant's materials prepared in anticipation of litigation "to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Responsive documents that may be in the possession, custody or control of these lawyers not protected from discovery appear obtainable from other sources, including Lloyd's itself.

Accordingly, both the subpoenas and the notices of deposition are quashed. Penthouse is prohibited from deposing and from seeking documents from Picou and/or Dennard via this court's subpoena power.

New Orleans, Louisiana, this __24th__ day of April, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE